UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Sheila Gluesing, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>PrudentRx LLC & Caremark Rx, L.L.C.,<br><br>          Defendants. | Case No.: 1:24-cv-549-JJM-LDA |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY**

The Court should deny Plaintiff Sheila Gluesing's Motion to Strike or, in the Alternative, for Leave to File a Sur-Reply ("Motion," ECF No. 30). The Motion asserts that Defendants' Joint Reply in Support of Motion to Compel Arbitration or Alternatively to Dismiss the Complaint ("Reply," ECF No. 29) improperly raised two new arguments. *See* ECF No. 30 at 1-2.[1] As further explained below, no rule of law, procedure, or reason prevents a reply brief from addressing, as Defendants did here, affirmative defenses raised for the first time in an opposition brief.[2]

*First*, a party may properly "use a reply brief to clarify arguments previously made *or* to respond to an argument an opposing party raises in an opposition." *Smith v. Liberty Mut.*

---

[1] Defendants' pin citations are to the ECF page numbers, not the internal pagination of the filings.

[2] Gluesing's mistaken waiver arguments underscore the fact that her affirmative defenses to arbitration are all directed at the enforceability of the CVS Specialty Pharmacy Terms of Use as a whole, rather than at the enforceability of the arbitration provision itself. *See, e.g.*, ECF No. 30-1 at 8 (arguing duress because "Plaintiff was required to use CVS Specialty Pharmacy, only and exclusively, for specialty medications"). Therefore, this case must be referred to an arbitrator to rule on the arbitrability issues, and not decided by this Court, regardless of what Plaintiff asserts are the two "improperly" raised arguments. *See* ECF No. 29 at 15-17 (discussing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006), and *Toth v. Everly Well, Inc.*, 118 F.4th 403 (1st Cir. 2024)).

*Ins. Co.*, No. 1:20-CV-11583-ADB, 2021 WL 1581017, at *3 (D. Mass. Apr. 22, 2021) (emphasis added, citation and quotation marks omitted); *accord Shea v. U.S.*, 976 F.3d 63, 80 n.12 (1st Cir. 2020) (collecting cases); LR Cv 7(a)(4). If the law were otherwise, as the Motion suggests, a party would be required to anticipate every possible opposing argument in their initial moving papers or waive their ability to respond. The two arguments that Gluesing seeks to strike directly responded to issues raised for the first time in Gluesing's opposition.

*Second*, the Motion wrongly asserts that Defendants' pointing out that "Plaintiff failed to insert evidence" to support her affirmative defenses to arbitration is "a belated insistence" on converting Defendants' motion to compel arbitration "to one for summary judgment." ECF No. 30 at 2. Defendants noted that they were moving to compel arbitration and, alternatively, moving to dismiss. *See* ECF No. 23 at 12 (distinguishing between the motion to compel arbitration and the motion to dismiss in the alternative). Defendants were not required to "convert" their motion to compel arbitration because a summary judgment standard is automatically applicable to a motion to compel arbitration under the Federal Arbitration Act ("FAA"): "[D]istrict courts should apply the summary judgment standard to evaluate motions to compel arbitration under the FAA." *Air-Con, Inc. v. Daikin Applied Latin Am., LLC*, 21 F.4th 168, 175 (1st Cir. 2021). Thus, once Defendants satisfied their burden of production, Gluesing was required to "identify specific evidence" sufficient to demonstrate a material factual dispute. *Id.* at 175 n.8 (citation and quotation marks omitted). Defendants' Reply simply explained that Gluesing's opposition failed to do so. *See* ECF No. 29 at 17-19.[3]

---

[3] Gluesing's assertion in her proposed sur-reply that Defendants "unquestionably" could have raised her failure to provide evidentiary support with her opposition before she filed the opposition (ECF No. 30-1 at 8) is illogical.

2

*Third,* Defendants' argument that Gluesing could have obtained her medication from CVS Specialty Pharmacy without agreeing to arbitrate, ECF No. 30 at 1-2, responds directly to Gluesing's affirmative defense of duress, which she raised for the first time in her opposition to Defendants' motion to compel arbitration, *see, e.g.*, ECF No. 26 at 36. As courts have recognized, addressing affirmative defenses that are raised for the first time in opposition to a motion to compel arbitration is entirely "consistent with the purpose of a reply brief." *Gaskins v. Swope Ventures, Inc.*, 645 F. Supp. 3d 682, 686 (W.D. Ky. 2022) (denying motion to strike because, "[a]lthough [defendant's] motion to compel arbitration did not explicitly address the authenticity of [plaintiff's] signature, waiver, or unconscionability, these defenses were asserted in [plaintiff's] response").[4] Moreover, Gluesing's assertion that the two declarations submitted by Defendants somehow contradict each other on this point, *see* ECF No. 30 at 1-2; ECF No. 30-1 at 7 & n.12, is meritless. The first declaration explained the process for individuals, like Gluesing, who choose to create an online account with CVS Specialty Pharmacy, *see* ECF No. 21-2, while the second responded to Gluesing's unsupported assertion of duress and explained that an individual is not required to create an online account with CVS Specialty Pharmacy to fill their prescriptions, *see* ECF No. 27-1. There is nothing contradictory about these two statements.

---

[4] *See also McMurray v. Huntington Nat'l Bank*, No. 2:24-CV-01481, 2025 WL 961701, at *4 n.2 (S.D. Ohio Mar. 31, 2025) (collecting cases holding that reply brief may properly address arguments raised in opposition to motion to compel arbitration); *Alvarez v. Experian Info. Sols., Inc.*, 661 F. Supp. 3d 18, 23 (E.D.N.Y. 2023) ("Plaintiff's opposition to the motion to compel arbitration affirmatively addressed the third-party beneficiary related argument. Thus, [Defendant], in its reply, was allowed to address this newly raised argument." (citations omitted)); *accord Alifax Holdings SpA v. Alcor Scientific Inc.*, No. CV 14-440 S, 2018 WL 11371589, at *2 (D.R.I. Oct. 16, 2018) (explaining "that sworn statements responding to an opposition memorandum may properly be filed with a reply").

*Finally*, there is also no basis for granting Gluesing's alternative request for leave to file the sur-reply brief submitted with her Motion. "[S]ur-replies are disfavored and granted only in rare circumstances," *Thurlow v. Hosp.*, No. 2:16-CV-179-NT, 2017 WL 90345, at *5 n.4 (D. Me. Jan. 10, 2017), and the matters raised in a reply brief "must be truly new" to warrant a sur-reply. *Aero Union Corp. v. Aircraft Deconstructors Int'l LLC*, No. 1:11-CV-00484-JAW, 2012 WL 3679627, at *9 (D. Me. Aug. 24, 2012) (citation omitted). As explained above, Defendants did not raise any "new" arguments in their reply. Defendants will not further address the various points that Gluesing raises in her proposed sur-reply other than to state that Defendants stand by their arguments and actual characterization of the facts and law in the Reply, and will be happy to address any questions the Court may have at oral argument, if one is scheduled.

## CONCLUSION

For these reasons, the Court should deny Gluesing's Motion.

Respectfully submitted,

/s/ *Rebecca F. Briggs*
Rebecca F. Briggs (#8114)
**Hinckley, Allen & Snyder LLP**
100 Westminster Street, Suite 1500
Providence, RI 02903-2319
T: (401) 274-2000
F: (401) 277-9600
rbriggs@hinckleyallen.com

Frank Pasquesi (admitted *pro hac vice*)
**Foley & Lardner LLP**
321 North Clark Street, Suite 3000
Chicago, Illinois 60654
Telephone: (312) 832-4500
fpasquesi@foley.com

Michael D. Leffel (admitted *pro hac vice*)

4

**Foley & Lardner LLP**
150 East Gilman Street, Suite 5000
Madison, Wisconsin 53703
Telephone: (608) 258-4216
mleffel@foley.com

Gerald S. Kerska (admitted *pro hac vice*)
David J. Wenthold (admitted *pro hac vice* )
**Foley & Lardner LLP**
777 E Wisconsin Ave
Milwaukee, Wisconsin 53202
Telephone: (414) 297-4916
gkerska@foley.com
dwenthold@foley.com

**ATTORNEYS FOR DEFENDANT CAREMARK RX, LLC**

*/s/ John A. Caletri*
John A. Caletri (#6204)
**McAngus Goudelock & Courie LLC**
40 Westminster Street, Suite 201
Providence, RI  02903
Telephone: (401) 600-2809
John.caletri@mgclaw.com

**ATTORNEYS FOR DEFENDANT PRUDENTRX LLC**

5

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was filed through the ECF system on April 10, 2025, and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

                                              */s/ Rebecca F. Briggs*
                                              Rebecca F. Briggs