UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHEILA GLUESING, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>PRUDENTX LLC & CAREMARK RX, LLC,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 24-549-JJM-LDA<br>)<br>)<br>)<br>)<br>)<br>) |

# ORDER

Before the Court is Plaintiff Sheila Gluesing's motion to strike or, in the alternative, motion for leave to file a sur-reply.  ECF No. 30.  Ms. Gluesing seeks to strike two arguments that she purports the Defendants, Prudentx LLC and Caremark Rx, LLC, improperly raised for the first time in their Joint Reply in Support of Motion to Compel Arbitration or Alternatively to Dismiss the Complaint ("Reply"), ECF No. 27.  Ms. Gluesing contends the Defendants' addition of such arguments in their Reply violates: (1) the Court's Local Rule prohibiting a reply from "reargu[ing] or expand[ing] on arguments made in support of the motion," *see* ECF No. 30 at 1 n.1 (citing D.R.I. L.R. 7(a)(4)); and (2) the general rule that an argument raised for the first time on reply is considered waived, *see id.* (quoting *Relentless, Inc. v. U.S. Dep't Com.*, 62 F.4th 621, 633 n.6 (1st Cir. 2023)).

"The purpose of a reply memorandum is not to file new arguments that could have been raised in a supporting memorandum," and so if "a moving party raises an

argument for the first time in a reply brief, that argument is waived." *Smith v. Liberty Mut. Ins.*, No. 1:20-CV-11583-ADB, 2021 WL 1581017, at *3 (D. Mass. Apr. 22, 2021) (citations omitted). But a party may ""use a reply brief to clarify arguments previously made or to respond to an argument an opposing party raises in an opposition." *Id.* (quoting *Allied Home Mortg. Cap. Corp. v. Mark*, No. 12-cv-10158, 2014 WL 4964728, at *12 (D. Mass. Sept. 30, 2014)).

Here, the two "new" arguments at issue are the Defendants' assertions that: (1) Ms. Gluesing did not need to agree to arbitrate to fill her prescriptions through CVS Specialty Pharmacy, and (2) Ms. Gluesing must submit evidence to support her arguments against the validity of the agreement between her and CVS Specialty Pharmacy —which contained the arbitration provision central to this dispute. *See* ECF No. 30 at 1-2. But the Defendants properly made these arguments in response to the arguments Ms. Gluesing asserted for the first time in her opposition to the Defendants' Motion to Compel Arbitration.

In that opposition, Ms. Gluesing argued that there was no valid, enforceable agreement to arbitrate because: (1) she entered such an agreement under duress, as "CVS Specialty Pharmacy wrongfully denied her access to her prescriptions unless she forfeited her right to go to court," and (2) the contract containing the arbitration agreement was substantively and procedurally unconscionable. ECF No. 24 at 19-25. In response to Ms. Gluesing's duress and unconscionability arguments, the Defendants highlighted that she did not support such arguments with admissible evidence— as necessary to meet the shifted burden to demonstrate a genuine issue

Case 1:24-cv-00549-JJM-LDA   Document 34   Filed 05/07/25   Page 3 of 3 PageID #: 1593

of material facts as to the formation of the agreement to arbitrate.  ECF No. 27 at 6-7.  Additionally, the Defendants countered Ms. Gluesing's allegations of duress with evidence illustrating that an individual who seeks to fill their prescription through CVS Specialty Pharmacy may fill their prescription via telephone, without the need to accept CVS Specialty Pharmacy's Terms of Use—which contains the arbitration agreement at issue.  *Id.* at 9-10.  Thus, because the Defendants did not raise new arguments in their Reply but asserted permissible responses to arguments Ms. Gluesing raised in her opposition, her motion to strike is DENIED, ECF No. 30.

That said, seeing that Ms. Gluesing seeks to raise several purported infirmities with the arguments the Defendants' made in their Reply, *see* ECF No. 30-1 at 1-2—that she, of course, could not have raised in her opposition—the Court GRANTS her Motion for Leave to file a Sur-reply, on or before May 14, 2025.  ECF No. 30.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
United States District Court Chief Judge

May 7, 2025

3