# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

Sheila Gluesing, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

PrudentRx LLC & Caremark Rx, L.L.C.,

    Defendants.

Case No.: 1:24-cv-549-JJM-LDA

### DEFENDANT PRUDENTRX'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE TEXT ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Defendant PrudentRx LLC, through counsel, hereby responds to Plaintiff Sheila Gluesing's Objections to the Ruling on Plaintiff's Motion to Compel [DE 53]:

### INTRODUCTION AND BACKGROUND

This Court allowed Plaintiff, Ms. Gluesing, to conduct limited discovery due to "economic duress" arguments Ms. Gluesing made in an attempt to avoid arbitration. Ms. Gluesing served an identical set of discovery on both Defendants. Some of the discovery could not possibly be related to PrudentRx. For example, Ms. Gluesing requested "Documents sufficient to show the job description and scope of work of Caremark's Senior Paralegal Allison Johansson." (*See, e.g.*, Decl. of Kristie LaSalle Ex. D [DE 45-9] p 9). As such, PrudentRx does not have responsive material to many of the requests. As specifically related to PrudentRx, PrudentRx provided copies of all communications with Ms. Gluesing, and pointed Ms. Gluesing to her plan documents previously produced as attachments to motions, the Vendor Election Form previously produced that sets out the PrudentRx Program for Ms.

1

Gluesing's plan, and documents which were produced by Caremark. (*See, e.g.*, Decl. of Susan Boeshart Ex. 6 [DE 23-6]).

It is unclear what further documents Ms. Gluesing is requesting from PrudentRx within the limited discovery allowed by the Court. PrudentRx attempts to address the specific requests identified in context of PrudentRx's responses below. Additionally, in regards to Ms. Gluesing's attempt to expand the discovery, a more detailed summary of the background is included in the brief submitted by Defendant Caremark Rx, L.L.C. ("Caremark"). To avoid unnecessary duplication, PrudentRx incorporates Caremark's brief here as if fully set forth. (*See* Caremark Response [DE 47 & 56]).

## ARGUMENT

### I.  Incorporation of arguments.

As a general matter, "the scope of discovery" is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Here, of course, the Court has only permitted a very limited scope of discovery relating to Plaintiff's assertion of economic duress. (*See* [DE 38]). "If a party fails to respond to requests for production of documents or interrogatories, the party seeking discovery may move to compel production of the requested information." *Close v. Acct. Resol. Servs.*, 557 F. Supp. 3d 247, 250 (D. Mass. 2021). "The party seeking information in discovery over an adversary's objection has the burden of showing its relevance." *TG Plastics Trading, Co. v. Toray Plastics*, No. C.A. 09-336S, 2010 WL 936221, at *2 (D.R.I. Mar. 12, 2010) (citation omitted). "Once a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper." *Close*, 557 F. Supp. 3d at 250 (citation omitted).

Additionally, to avoid rehashing many of the same arguments and points, PrudentRx incorporates by reference the legal arguments contained within Caremark's briefing. (*See* Caremark Response [DE 47 & 56]).

**II.   This Court ordered limited discovery and should reject Ms. Gluesing's attempt to broaden the discovery allowed based on incorrect factual assertions.**

As relevant, the court ordered "discovery limited to the issue of *whether Ms. Gluesing was under economic duress when agreeing to the arbitration provision in CVS Specialty's Terms of Use*." (*See* Order [DE 38] (emphasis added)). Ms. Gluesing seeks to expand discovery under novel theories. Ms. Gluesing's Motion indicates that she is attempting to show "an unlawful threat" caused Plaintiff to "accept unfavorable contract terms." (Pl.'s Mot. [DE 45] p 1). Ms. Gluesing then apparently argues the "unlawful threat" and Ms. Gluesing's "economic duress flows from structural aspects of the PrudentRx Program." (*Id.* p 2). Even if otherwise a viable theory, which it is not, Ms. Gluesing's argument is based on at least two incorrect factual premises.

First, Ms. Gluesing's argument is entirely dependent upon the incorrect assumption that Ms. Gluesing was enrolled in the PrudentRx Program at the time she agreed to CVS Specialty's Terms of Use. Ms. Gluesing starts by arguing that the PrudentRx Program forced her to obtain medication from CVS Specialty, which is discussed further below. (Pl.'s Mot. [DE 45] p 1). Ms. Gluesing then concludes, as a result, that the PrudentRx Program forced her to agree to the CVS Specialty's Terms of Use. (Pl.'s Mot. [DE 45] pp 1-2). Notably, however, Ms. Gluesing does not even argue that she was enrolled in any PrudentRx Program when she agreed to CVS Specialty's Terms of Use.

Ms. Gluesing agreed to CVS Specialty's Terms of Use in 2022. (*See* Decl. of Allison Johansson [DE 21-2]). Ms. Gluesling's Wellmark Health Plan did not begin using the

3

PrudentRx Program until two years later on January 1, 2024. (*See* Decl. of Susan Boeshart Ex. 6 [DE 23-6] p 2). As such, since neither Ms. Gluesing, nor her Wellmark Health Plan, was even enrolled in the PrudentRx Program, Ms. Gluesing is unable to show any relationship between the "structural aspects of the PrudentRx Program" and Ms. Gluesing's purported economic duress when she agreed to CVS Specialty's Terms of Use in 2022.

Second, Ms. Gluesing's incorrectly argues that "Defendants force her and patients like her to use CVS Specialty and only CVS Specialty to obtain medications subject to the PrudentRX Program." (Pl.'s Mot. [DE 45] p 1). Based on this incorrect assumption, Ms. Gluesing argues that she is seeking "information relevant to *Plaintiff's contention* that PrudentRx Program's requirement that targeted parties use CVS Specialty." (Pl.'s Mot. [DE 45] p 9 (emphasis added)). As previously conveyed to Ms. Gluesing's counsel, this "contention" is incorrect and contradicts the documents filed with this Court. (*See, e.g.*, Decl. of Kristie LaSalle Ex. A [DE 45-2] p 47 & Ex. D [DE 45-5] p 2; [DE 23-1]).

In her brief, Ms. Gluesing cites documents produced by Defendant Caremark as if they were the "PrudentRx Program." (*See* Pl's Mot. [DE 45] p 3 (quoting Exhibit A to Decl. of Kristie LaSalle)). However, a review of the document quoted shows that it is in fact Ms. Gluesing's Wellmark Health Plan. (*See* Decl. of Kristie LaSalle Ex. A [DE 45-2]). The cited document shows that Ms. Gluesing's Wellmark Health Plan dictates where Ms. Gluesing may purchase prescription drugs. For example, the Wellmark Health Plan states "You must purchase prescription drugs and pharmacy medical equipment devices from participating pharmacies." (*Id.* at p 46). Further, the Wellmark Health Plan states "You must purchase specialty drugs through the specialty pharmacy program [that] is limited to CVS Specialty." (*Id.* p 47). Additionally, the Wellmark Health Plan identifies PrudentRx's limited role:

4

"PrudentRx will assist you by helping you enroll in drug manufacturer copay assistance programs" for "medication included on the PrudentRx drug list." (*Id.*). As such, Ms. Gluesing's exhibits show it is Ms. Gluesing's Health Plan that imposes restrictions regarding available pharmacies for Ms. Gluesing's prescription drugs. Thus, the Court should reject Ms.Gluesing's arguments based on incorrect factual assertions.

### III. PrudentRx properly responded to Plaintiff's actual discovery requests.

On June 27, 2025, Ms. Gluesing served her first set of requests for production—serving an identical set on all Defendants. PrudentRx timely responded. In her Motion, Ms. Gluesing raises issues with only Requests for Production Numbers 1, 3, and 6.

"[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." *Bonner v. Triple-S Mgmt. Corp.*, 68 F.4th 677 (1st Cir. 2023) (citation omitted). "And one of those boundaries is Rule 26(b), which provides limitations when the inquiry touches upon the irrelevant." *Id.* (citation and quotation marks omitted). A "speculative and attenuated connection" between discovery sought and the parties' claims and defenses "does not provide a basis to compel" discovery. *In re Subpoena to Witzel*, 531 F.3d 113, 119 (1st Cir. 2008); *Emhart Indus., Inc. v. New England Container Co.*, No. CA 06-218 S, 2013 WL 6001076, at *4 (D.R.I. Nov. 12, 2013) (same). Moreover, Federal Rule 37(a)(3)(B), as relevant, only permits a motion to compel if "a party fails to answer an interrogatory" or fails to produce documents "as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii) & (iv).

In her Motion, Ms. Gluesing mischaracterizes her actual discovery requests, and PrudentRx's responses. For example, Ms. Gluesing's Motion states that "Request No. 1 seek 'documents and communications' concerning insurance plans for which Defendants administer the PrudentRx Program that 'discuss[] a requirement that [targeted patients]

5

obtain [targeted medications] through CVS Specialty Pharmacy." (Pl.'s Mot. [DE 45] p 10).

Ms. Gluesing's actual Request No. 1 states as follows:

> Request No. 1: All Documents and Communications related to employee benefit plans administered by Defendants and participating in the PrudentRx Program, including but not limited to, certificates of coverage, summary plan descriptions, benefit booklets, formularies, Policies, and any other documents discussing a requirement that a member of the Class obtain Mediations on the PrudentRx Drug List through CVS Specialty Pharmacy, including any documents reflecting the price differential, the reasons therefor, between a Medication obtained through CVS Specialty Pharmacy and that same Medication obtained through a different pharmacy.

(*See* Decl. of Kristie LaSalle Ex. H [DE 45-9] p 5).

As noted in PrudentRx's response, PrudentRx does not administer employee benefit plans, and does not have documents "related to employee benefit plans administered by Defendants." Additionally, as referenced in PrudentRx's response and subsequent communications to Ms. Gluesing's counsel, to the extent this Request seeks information regarding Ms. Gluesing's plan, PrudentRx pointed Ms. Gluesing to her plan summaries and the Vendor Election Form previously served on Ms. Gluesing's counsel as attachments to prior motions. (*See* Decl. of Kristie LaSalle Ex. D [DE 45-5] p 2 & H [DE 45-9] pp 5-6). It also informed Ms. Gluesing's counsel that PrudentRx does not possess documents that impose a requirement on Ms. Gluesing to obtain medication from CVS Specialty Pharmacy. (*See id.*) As such, it is unclear what material Ms. Gluesing is seeking besides material related to other plans that do not relate to Ms. Gluesing. As discussed in Caremark's brief, which is incorporated here by reference, such a request seeks material that is irrelevant and goes beyond the limited discovery allowed by the Court.

As to Request No. 3, Ms. Gluesing argues that it requests "'documents and communications' concerning targeted medications' cost differences between CVS Specialty and other pharmacies, and in particular, 'any Policy, analysis, study, report, or communication concerning the relationship of those costs to [targeted patients'] anticipated ability to afford' their prescriptions." (Pl.'s Mot. [DE 45] p 3). While that oversimplifies the request, defendant Caremark, who would possess this information, already produced records about the cost of Ms. Gluesing's medication, and PrudentRx does not possess documents regarding Ms. Gluesing's ability to pay or her financial condition. (*See* Caremark's response to RFP No. 3; Decl. of Kristie LaSalle Ex. H [DE 45-9] pp 6-7). Records related to the cost of medications Ms. Gluesing does not take and the ability of other individuals to pay for those medications has no bearing on Ms. Gluesing's financial circumstances. Accordingly, as more fully discussed in Caremark's brief, incorporated here by reference, such material is irrelevant to the limited discovery allowed by the Court.

As to Request No. 6, Ms. Gluesing argues it requests material "concerning the cost of targeted medications purchased from a source other than CVS Specialty." (Pl.'s Mot. [DE 45] p 11). As indicated in PrudentRx's response, "PrudentRx does not possess non-privileged documents concerning Plaintiff's 'cost of Medications on the PrudentRx Drug List if not covered by insurance' or relating to Plaintiff's ability to afford the Self-Pay Medication Cost." (*See* Decl. of Kristie LaSalle Ex. H [DE 45-9] p 9). PrudentRx cannot produce what it does not possess. Additionally, again, records related to the cost of medications that Ms. Gluesing does not take and the ability of other individuals to pay for those medications has no bearing on Ms. Gluesing's financial circumstances. As such, as more fully discussed in Caremark's

brief, incorporated here by reference, such material is irrelevant to the limited discovery allowed by the Court.

## CONCLUSION

For these reasons, and the additional reasons set forth in Caremark's brief, which are incorporated here by reference, this Court should enter an order affirming the denial of Plaintiff's Motion to Compel Production of Discovery Related to Claims of Economic Duress [DE 45].

Respectfully submitted,

/s/ *John A. Caletri*
John A. Caletri (#6204)
**McAngus Goudelock & Courie LLC**
40 Westminster Street, Suite 201
Providence, RI  02903
Telephone: (401) 600-2809
John.caletri@mgclaw.com

Luke A. Dalton
(admitted *pro hac vice*)
N.C. Bar. No. 41188
McAngus Goudelock & Courie LLC
4130 Parklake Avenue, Suite 550
Raleigh, NC  27609
Telephone: (919) 719-8204
Luke.dalton@mgclaw.com

**ATTORNEYS FOR DEFENDANT PRUDENTRX LLC**

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document was filed through the ECF system on January 23, 2026, and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

                                         */s/ John Caletri*
                                         John Caletri