UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SHEILA GLUESING, *individually and on behalf of all others similarly situated*,<br>  Plaintiff,<br><br>v.<br><br>PRUDENTRX LLC; and CAREMARK RX, LLC,<br>  Defendants. | No. 24-cv-549-JJM-AEM |

### MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Chief Judge.

Before the Court is Plaintiff Sheila Gluesing's Objection (ECF No. 53) to a text order issued by Magistrate Judge Amy E. Moses, *see* Text Order (Dec. 29, 2025), that denied Ms. Gluesing's Motion to Compel (ECF No. 45). Ms. Gluesing requests that this Court sustain her Objection, vacate Magistrate Judge Moses's text order, and order the production of discovery that she seeks. ECF No. 53 at 1.

For the reasons that follow, the Court will sustain Ms. Gluesing's Objection, vacate the text order, and grant the Motion to Compel.

### I. BACKGROUND

In December 2024, Ms. Gluesing brought claims against Prudentrx LLC and Caremark Rx LLC (collectively, the "Defendants") under the Employee Retirement Income Security Act ("ERISA") and the Racketeer Influenced Corrupt Organizations Act ("RICO"). ECF No. 1. She alleges that Defendants, along with CVS Specialty

Pharmacy, engaged in a scheme to overcharge individuals for their prescription medications. *Id.* at 1-6.

Defendants subsequently moved to compel arbitration of Ms. Gluesing's claims. ECF Nos. 21, 23. They argued that Ms. Gluesing had previously entered into an agreement with CVS Specialty Pharmacy (i.e., the "CVS Specialty Pharmacy's Terms of Use") that requires arbitration of "all disputes arising out of or related to" services and goods provided by CVS Specialty Pharmacy and/or any of its affiliates, as well as "any aspect" of Ms. Gluesing's relationship with CVS Specialty Pharmacy. ECF No. 21 at 2, 18.

Ms. Gluesing opposed Defendants' motion, asserting that she could not be compelled to arbitrate because she was subjected to "economic duress" when she entered into the arbitration agreement with CVS Specialty Pharmacy. ECF No. 24 at 20 ("It is hard to envision how CVS Specialty Pharmacy could have created a more coercive means of forcing agreement with unfavorable terms."). She also argued that much of the evidence needed to resolve the issue of whether she was under duress is likely in Defendants' possession. ECF No. 37 at 4-5.

On June 17, 2025, the Court denied, without prejudice, Defendants' Motion to Compel Arbitration. ECF No. 38. The Court Order stated: "[T]he Court finds that discovery limited to the issue of whether Ms. Gluesing was under economic duress when agreeing to the arbitration provision in CVS Specialty's Terms of Use is appropriate." *Id.* at 1. Thus, the Court ordered the parties to "conduct limited discovery on the issue of economic duress." *Id.*

Following the Court's Order, Ms. Gluesing moved to compel the production of discovery related to her claims of economic duress. ECF No. 45. She specifically sought the following:

- Materials concerning whether Defendants' PrudentRx Program required Plaintiff and all targeted patients to use CVS Specialty exclusively to fill prescriptions for their targeted medications ("RFP No. 1");

- Materials showing whether cost penalties imposed by Defendants for refusal to use CVS Specialty precluded Plaintiff and all targeted patients from any other economically feasible choice of pharmacy ("RFP No. 3");

- Materials showing Defendants knew or intended their requirement that Plaintiff and all targeted patients use CVS Specialty would force patients to acquiesce not only to Defendants' choice of pharmacy, but to that pharmacy's Terms of Use, which purported to strip them of their right to sue ("RFP No. 6").

*Id.* at 2. Defendants objected to Ms. Gluesing's motion. ECF Nos. 47, 48. The principal dispute is over the scope of discovery relating to Ms. Gluesing's economic duress claims.

Ms. Gluesing argues that her "theory of economic duress is not tied to her unique financial situation," but rather that "[t]he coercion and duress are systemic and structural." ECF No. 45 at 5. As such, she seeks discovery on any and all "materials of general applicability that are relevant to examining the systematic pressure to force targeted patients into using CVS Specialty and, by extension, forfeiting their litigation rights." *Id.* at 10.

By contrast, Defendants claim that the discovery ordered by the Court is much more limited in scope. ECF Nos. 47, 48. They contend that they must only produce

information specifically related to Ms. Gluesing's CVS Specialty Pharmacy plan—and not anyone else's.

The Court referred this discovery dispute to Magistrate Judge Moses. On December 29, 2026, Magistrate Judge Moses issued the following Text Order in which she denied Ms. Gluesing's motion:

> Plaintiff's Motion to Compel Production of Discovery Related to Claims of Economic Duress 45 is DENIED because Plaintiff seeks discovery beyond the limited scope ordered by the Court. On June 17, 2025, Chief Judge McConnell found "that discovery limited to the issue of whether *Ms. Gluesing* was under economic duress when agreeing to the arbitration provision in CVS Specialty's Terms of Use is appropriate." ECF No. 38 (emphasis added). Plaintiff's attempt to compel discovery unrelated to Ms. Gluesing—information about the cost of medications she does not take, information about whether other individuals can afford prescriptions, and information about a program that was not part of her health plan when she agreed to the arbitration provision—violates Chief Judge McConnell's June 17, 2025 Order.

Text Order (Dec. 29, 2025).

Ms. Gluesing later filed an Objection to Magistrate Judge Moses's text order. ECF No. 53. She requests that this Court sustain her Objection, vacate the text order, and compel Defendants to produce the discovery on systematic coercion that she seeks. *Id.* at 1. Defendants oppose Ms. Gluesing's Objection. ECF Nos. 56, 57.

## II.   STANDARD OF REVIEW

District courts generally exercise "broad discretion to manage discovery matters." *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless otherwise limited by court order … [p]arties may obtain discovery regarding

4

any nonprivileged matter that is relevant to any part's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1).

A district court judge may modify or set aside a decision of a magistrate judge on a non-dispositive matter if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). An order pertaining to the production of discovery-related material is a non-dispositive ruling. *See, e.g.*, *Plourde v. Lewis*, No. 1:23-cv-00323-JAW, 2025 WL 2723554, at *5 (D. Me. Sept. 24, 2025); *Gargiulo v. Baystate Health Inc.*, 279 F.R.D. 62, 64 (D. Mass. 2012).

"Under the 'clearly erroneous' prong, the court will accept the magistrate judge's 'findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [the court] form[s] a strong, unyielding belief that a mistake has been made.'" *Green v. Cosby*, 160 F. Supp. 3d 431, 433 (D. Mass. 2016) (internal quotations omitted) (quoting *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999)).

### III. DISCUSSION

This Court's Order, unfortunately, was not as clear as it should have been. The Court will now clarify.

When the Court found that "discovery limited to the issue of whether Ms. Gluesing was under economic duress when agreeing to the arbitration provision in CVS Specialty's Terms of Use is appropriate," *see* ECF No. 38 at 1, the Court did not mean to imply that the discovery was limited to any economic duress personally felt by Ms. Gluesing. Rather, the purpose of the limited discovery order was to allow Ms.

Gluesing to fully develop a record that would allow her to properly oppose Defendants' request for arbitration. Ms. Gluesing's Motion to Compel included her desire to show that the "economic duress flows from structural aspects of the PrudentRx Program." ECF No. 45 at 2.

This Court's Order should have read: "The Court finds that discovery limited to Ms. Gluesing's claim that CVS Specialty's Terms of Use are structured to coerce arbitration of claims through economic duress is appropriate." That claim includes her assertion that the structural aspects are designed to account for economic duress, and that others may have also been subject to economic duress.

## IV.   CONCLUSION

For these reasons, the Objection to the Magistrate Judge's Order is sustained. ECF No. 53. Magistrate Judge Moses's text order is vacated, and Ms. Gluesing's Motion to Compel is GRANTED. ECF No. 45. Defendants shall fully respond to RFP No. 1, RFP No. 3, and RFP No. 6 within 20 days. Defendants may file a renewed Motion to Compel Arbitration within 30 days after production of the documents.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

February 24, 2026